**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Joe Hand Promotions, Inc., ) | |
| ) | Civil Action No. 0:14-cv-02868-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| KJ'z Wings & Ale, LLC, d/b/a Scooters ) | |
| Lounge, and Daniel Hyslop, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff Joe Hand Promotions, Inc.'s, ("Plaintiff") Motion for Default Judgment. (ECF No. 11.) Defendants KJ's Wings & Ale, LLC, d/b/a Scooters Lounge, and Daniel Hyslop (collectively "Defendants") have not filed any responses or opposition to Plaintiff's motion.

**I. BACKGROUND AND PROCEDURAL HISTORY**

According to the record, Plaintiff had the exclusive nationwide commercial television distribution rights to "*Ultimate Fighting Championship 150: Benson Henderson vs. Frankie Edgar*" (the "Program"). (ECF No. 1 at 3.) The minimum rate charged by Plaintiff for the right to show the Program was seven hundred fifty dollars ($750.00). (ECF No. 11-3.)

Plaintiff's private investigator ("PI") entered Scooter's Lounge ("Scooter's"), located 1631 JA Cochran Boulevard, Chester, SC, on August 11, 2012, at approximately 9:51 p.m. (ECF No. 11-4 at 1.) The PI did not pay a cover charge to enter the establishment. (*Id.*) While in Scooter's, the PI observed five televisions displaying one of the fights on the card for the Program. (*Id.*) There were between seven and twelve patrons in Scooter's during the PI's investigation. (*Id.* at 3.) The PI left Scooter's at approximately 11:40 p.m. (*Id.*)

Plaintiff instituted this action on July 17, 2014, when it filed a complaint alleging violations of 47 U.S.C. § 605, 47 U.S.C. § 553, and conversion. (ECF No. 1 at 3–6.) Plaintiff initially sought statutory damages pursuant to 47 U.S.C. § 605, 47 U.S.C. § 553, reasonable attorney's fees, and punitive damages. (ECF No. 1.) In its Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment ("Memorandum"), (ECF No. 11-1), Plaintiff conditionally elected to drop its cause of action under 47 U.S.C. § 553 and conversion. (ECF No. 11-1 at 3.) Plaintiff has proceeded on its cause of action under 47 U.S.C. § 605, and has elected to pursue statutory damages rather than actual damages. (*Id*. at 3, 7.)

Defendants neither answered nor otherwise responded to the Complaint. The Clerk filed Entry of Default as to Defendants on August 15, 2014. (ECF No. 8.) Plaintiff filed a Motion for Default Judgment on September 18, 2014. (ECF No. 11.) Defendants have not responded.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) allows the court to enter default judgment against a party upon application by the plaintiff after entry of default. Entry of default judgment is appropriate when a properly served party against whom affirmative relief is sought fails to plead or otherwise defend. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits . . . trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *Id*. (citations omitted). By defaulting, Defendants admit plaintiff's well-plead allegations of fact. *See DIRECTV v. Rawlings*, 523 F.3d 318, 322 n.2 (4th Cir. 2009) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 781 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

### III. ANALYSIS

Section 605 of the Federal Communications Act prohibits the unauthorized interception and publication of interstate communications. 47 U.S.C. § 605(a). Individuals harmed by a violation of Section 605(a) may file a civil action in the United States District Court or in any other court of competent jurisdiction. 47 U.S.C. § 605(e)(3)(A). The court may grant an injunction to restrain a violation, and the court may award damages pursuant to the statute. 47 U.S.C. § 605(e)(3)(B). The court "shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." *Id*.

**A. Damages**

Parties aggrieved by a violation of Section 605(a) may recover either actual damages or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I)−(II). The aggrieved party is entitled to statutory damages in an amount not less than $1,000.00, nor more than $10,000.00, for each violation of Section 605(a). 47 U.S.C. § 605(e)(3)(C)(ii)(II). Statutory damages are appropriate where actual damages are difficult or impossible to ascertain, and the lack of adequate proof on an element of the cause of action "warrant[s] resort to the statute in the discretion of the court, subject always to the statutory limitations." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232–33 (1952).

There is no set formula for determining the appropriate amount of statutory damages. *See Kingvision Pay-Per-View, Ltd. v. Las Reynas Rest., Inc.*, No. 4:07-CV-67-D, 2007 WL 2700008, at *2 (E.D.N.C. 2007) ("no single test has emerged for determining damages within the ranges provided by section 553 or section 605, analogous district court cases provide guidance"); *see also Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 115 (E.D.N.Y. 2011) ("Where the exact number of patrons is unknown, courts have awarded a flat

3

sum per violation."); *Joe Hand Promotions, Inc. v. Scott's End Zone, Inc.*, 759 F. Supp. 2d 742, 750 (D.S.C. 2010) ("an award of approximately five times the license fee Defendants should have paid to legally broadcast the Program, when combined with enhanced damages and attorneys' fees discussed below, is a sufficient deterrent"); *Kingvision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc. No. 2*, 172 F. Supp. 2d 810, 812 (S.D.W. Va. 2001) (finding the plaintiff suffered actual damages in the amount of $1,750.00, and multiplying plaintiff's actual damages by five); *Entm't by J & J, Inc. v. Gridiron, Inc.*, 232 F. Supp. 2d 679, 681 (S.D. W.Va. 2001) (Courts in the Fourth Circuit have "applied a formula whereby the court takes the Defendant's maximum occupancy and multiplies that amount by a licensing fee of $17.50. Then, the court multiplies the total of the above equation by five, which represents a factor that courts have applied to take into consideration the willfulness of the Defendant's statutory violation.").

Given that there were no more than twelve patrons in the establishment during the airing of the Program, an award based upon the number of people in the establishment would not provide a sufficient deterrent from future violations by Defendants. However, the court finds that an award of five times the license fee Defendants should have paid, coupled with enhanced damages and attorneys' fees and costs, will provide a sufficient deterrent for Defendants. Therefore, the court awards Plaintiff statutory damages in the amount of three thousand seven hundred fifty dollars ($3,750.00).

**B. Enhancement of Statutory Damages**

If "the court finds that the violation" of Section 605(a) "was committed willfully and for purposes of . . . commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation of subsection (a)." 47 U.S.C. § 605(e)(3)(C)(ii). The court finds that Defendants did willfully

4

intercept and disseminate Plaintiff's Program. Plaintiff has presented evidence that Defendants were not authorized to exhibit the Program, and that Defendants could not have mistakenly, innocently, or accidentally intercepted the program. (ECF No. 11-3 at 2–4.) As stated by the Southern District of New York "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999).

While the court finds that Defendants' actions were willful and intentional violations of the Federal Communications Act, the maximum statutory enhancement is not warranted in this case. Therefore, the court awards enhanced damages in the amount of seven thousand five hundred dollars ($7,500.00) to Plaintiff.

## C. Costs and Attorneys' Fees

The Federal Communications Act requires the court to award "full costs, including reasonable attorneys' fees, to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B). Plaintiff is an aggrieved party, and Plaintiff has prevailed in this suit. Plaintiff has supported its request for costs and attorneys' fees by producing bills and an affidavit detailing the costs of litigation. (ECF No. 11-6.) Plaintiff has also provided the affidavit of an independent attorney attesting to the appropriateness of Plaintiff's attorney's fee. (ECF No. 11-7.) The Court finds that Plaintiff has costs one thousand one hundred fifty five dollars ($1,155.00), and that Plaintiff is entitled to attorneys' fees in the amount of two thousand one hundred seventy eight and 75/100 dollars ($2,178.75).

## IV. CONCLUSION

WHEREFORE, it is **ORDERED** that Defendants be found liable for willful violation of 47 U.S.C. § 605 and that judgment in favor of Plaintiff be entered against Defendants in the

amount of $11,250.00 in statutory and enhanced damages plus $3,333.75 in attorney's fees and costs. Thus, the total judgment is $14,583.75.

**IT IS SO ORDERED.**

United States District Judge

April 8, 2015
Columbia, South Carolina

6